UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BOBBY SOUNDARA | : | |
| | : | |
| v. | : | C.A. No. 06-466-S |
| | : | CR No. 06-05-S |
| UNITED STATES OF AMERICA | : | |

**GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION TO VACATE, SET ASIDE AND/OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

The United States hereby responds to the Petitioner's Motion to Vacate, Set Aside and/or Correct Sentence pursuant to 28 U.S.C. § 2255 for the reasons stated in the attached memorandum of Law.

Respectfully submitted,

UNITED STATES OF AMERICA

ROBERT CLARK CORRENTE
United States Attorney

RICHARD W. ROSE
Assistant U.S. Attorney
United States Attorneys Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5001 (fax)
E-mail: richard.rose@usdoj.gov

**CERTIFICATE OF SERVICE**

I the undersigned on this 1st day of February, 2007 caused the within Government's response to the Petitioner's Motion to Vacate, Set Aside and/or Correct Sentence pursuant to 28 U.S.C. § 2255 to be electronically filed with the United States District Court for the District of Rhode Island, using the CM/ECF system and to.

Robert E. Craven, Esq.
50 Park Row West
Suite 100
Providence, RI 02903

The following participant has received notice via U.S. Mail:

Bobby Soundara
Wyatt Detention Center
950 High Street
Central Falls, RI 02863

RICHARD W. ROSE
Assistant U.S. Attorney
United States Attorneys Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5001 (fax)
E-mail: richard.rose@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BOBBY SOUNDARA | : | |
| | : | |
| v. | : | C.A. No. 06-466-S |
| | : | CR No. 06-05-S |
| UNITED STATES OF AMERICA | : | |

**MEMORANDUM OF LAW IN SUPPORT OF GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION TO VACATE, SET ASIDE AND/OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

## I. INTRODUCTION

On October 24, 2006, the petitioner, Bobby Soundara, filed a *pro se* motion pursuant to 28 U.S.C. § 2255 to vacate, set aside and/or correct his sentence. In his motion, the petitioner contends that his trial counsel failed to inform him that he may have a right to file a direct appeal and because of this failing, the defendant failed to file a direct appeal. The petition does not state what grounds the defendant would have raised on direct appeal.

## II. PROCEDURAL HISTORY

On June 2, 2006, the petitioner pled guilty to a two count indictment charging him and co-defendant, Vanhhatdy Souvaunanab with possession of an unregistered pipe bomb in violation of 26

U.S.C. §§ 5841, 5861(d) and 5871 (Count I) and destroying a building by fire and explosives resulting in personal injury in violation of 18 U.S.C. §§ 844 (I) and 2. Id at p.5. After a sentencing hearing which include testimony from a Special Agent of the FBI regarding the defendant's gang affiliations and the reading of a letter from the victim who was present in the courtroom but reluctant to speak directly to the Court, the Court made the following sentencing calculations.

The defendant had a combined offense level adjusted for acceptance of responsibility of 23 with a criminal history of III. The resulting range was 57-71 months. There was a restricted range of 84 months because Count I carried a mandatory minimum period of incarceration. The Court granted the government's motion for an upward departure based primarily on USSG § 5K2.2 because of the victim's serious physical injuries including the permanent loss of use of an eye. The Court then departed upward six levels with a resulting range of 108-135 months. The defendant was then sentenced to 120 months. In the plea agreement, the defendant waived his right to appeal if the Court sentenced the defendant within the guideline range. See Plea Agreement at ¶ 12. The government believes the defendant would have had a right to appeal given the language of the waiver. At sentencing the government stated that the defendant had waived his

right. The Court took no position "to the extent the departure was not contemplated by the [plea] agreement." Sentencing Transcript, September 1, 2006, p. 10. The Sentencing Transcript is attached as Exhibit 1. The defendant did not file a direct appeal. The instant petition was filed on October 24, 2006 and because it was filed within one year of entry of final judgment, it is timely filed.

## III. FACTS

The facts are taken from the prosecution version, reproduced in the PSR at ¶ 8. On September 11, 2005, at approximately 2:00 a.m., several members of the Laos Pride street gang, traveling in three cars, went to the home of Samang Tep. Tep was a member of the rival Young Bloods street gang. Among the Laos Pride members present in the caravan were defendants Bobby Soundara and Vanhhatdy Souvanaxab. Tep lived at One West Harry Street, Cranston, RI. One West Harry Street is a white three story multi-family dwelling. At the time the home was listed for sale and had at least one other tenant.

When the Laos Pride gang arrived at the West Harry Street home defendant Bobby Soundara took a homemade pipe bomb, lit the fuse, and threw the bomb through the first floor window of the home. At the time, Soundara knew that the house was the home of Young Blood Samang Tep. Tep was not home, however. In the house

were Tep’s mother and Mrs. Tep’s grandchild. Awakened by the sound of breaking glass, Mrs. Tep approached the flaming pipe bomb and it exploded. The end blew off and caused Mrs. Tep to lose an eye. She also suffered several body lacerations.

Several items were seized from the scene and sent to the ATF Laboratory for analysis. These items included : a 6" long piece of galvanized pipe partially wrapped in white tape with red lettering “CRAFTED WITH PRIDE IN U.S.A.”; pieces of silicone-like material; pieces of hardwood floor damaged by the explosion; a section of wall from the blast area, and wood from the exterior wall outside the blast area. In addition, a piece of silicone-like material removed from Mrs. Tep’s leg was obtained from Rhode Island Hospital and sent to the ATF Laboratory.

The ATF Laboratory determined, in common parlance, that the seized item was a pipe bomb. The ATF Laboratory found residue of a perchlorate explosive mixture (“PEM”) inside the pipe. PEM is the powder commonly used in fireworks. The silicone-like material was determined to be a hot-melt adhesive. Fragments of a green pyrotechnic fuse were embedded the adhesive.

Federal Agents went to home of Bobby Soundara and received consent to search the premises from Bobby Soundara’s mother. Bobby Soundara lived with his parents at 13 Richter Street in Providence. During the search the following items, among other

things, were seized:

a. Miscellaneous pyrotechnic devices (fireworks)(found in basement)(the fuses on the fireworks are green);

b. a roll of tape with "CRAFTED WITH PRIDE IN U.S.A." printed on it (found on a kitchen shelf);

c. A roll of tape with, "CRAFTED WITH PRIDE IN U.S.A." printed on it (found in Bobby Soundara's bedroom); and

d. Box of photographs and documents (found in Bobby Soundara's bedroom (including a roll of tape with the "CRAFTED WITH PRIDE IN U.S.A.").

On November 10, 2005, Bobby Soundara was interviewed by ATF. The interview was videotaped. During the interview, he admitted that he was a member of the Laos Pride street gang. He also admitted that he knew the victim's son, Samang Tep, was a member of the rival Young Bloods. When confronted with the seized items from the search of his residence, Bobby Soundara admitted that he purchased the fireworks in New Hampshire. He also admitted his involvement in the pipe bombing. He stated, "I threw the bomb through the window." Bobby Soundara was shown a photograph of the front of the West Harry Street home and said that this was "Sam's" house and that he threw a pipe bomb through the front window in September, 2005.

The pipe bomb was not registered to the defendant in the National Firearms Registration and Transfer Records.

## IV. PETITIONER'S CLAIM

The defendant, in an undeveloped petition without the benefit of a memorandum of law, implicitly argues that his counsel offered ineffective assistance because he failed to advise his client of his right to file a direct appeal. Petition Paragraph 11(d).[1] The defendant fails to identify which issue(s) he would have raised on direct appeal.

## V. ARGUMENT

### 1. THE DEFENDANT SHOULD BE RESENTENCED TO ALLOW HIM AN OPPORTUNITY TO FILE A DIRECT APPEAL

The defendant in this case frames the issue narrowly: that his counsel failed to advise him that he had the right to file a direct appeal. The government has been in contact with defendant's trial counsel and counsel's position is that he discussed the defendant's appellate rights with his client. See Counsel's Correspondence attached as Exhibit 2. In Roe v. Flores-Ortega, 528 U.S. 470 (2000), the Supreme Court provided guidance in cases where a defendant fails to file a notice of

---

[1] The defendant did not submit an affidavit. His allegations are contained in his petition which was apparently obtained from the website "Busted by the Feds." See www.bustedbythefeds.com

appeal. Foremost, the Supreme Court has established a two part test to evaluate ineffective assistance claims. Strickland v. Washington, 466 U.S. 668 (1984); Lema v. United States, 987 F.2d 48, 52 (1st Cir. 1993). "A party advancing such a claim has the heavy burden of proving: 1) that his attorney's performance fell below an objective standard of reasonable effectiveness, and 2) that he was prejudiced as a result of his attorney's deficient performance." Id.

In determining the first prong of Strickland, the government believes quoting at length from Roe v. Flores-Ortega, is useful:

> Counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known. Whether the defendant received a sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.

Roe v. Flores-Ortega, 538 U.S. 470, 480 (2000).

As to the second prong, " . . . to show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely

appealed." Id. @ 484. Where counsel's " . . . performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." Id. Presumably in this case, the defendant might challenge the appropriateness and extent of his upward departure. The claim is at least colorable on its face and therefore nonfrivolous.

In this case, the government takes the position that the Court should re-sentence the defendant to allow him to take a direct appeal and conserve judicial as well as executive branch resources.[2] A protracted hearing delving into the extent of consultation between counsel and his client in order to ascertain the defendant's express wishes and his counsel's advice, may be avoided. This position is appropriate in those many cases where there is some ambiguity concerning a defendant's intentions and his counsel's subsequent action or inaction. See Roe v. Flores-Ortega, 528 U.S. 477-78. This is particularly so in this case where the defendant may have petitioned the Court by rule of appellate procedure for leave to file a notice of appeal within 40

---

[2] Procedurally, in order to allow the defendant to take an appeal, the Court should re-sentence the defendant. See United States v. Maldanado, 242 F.3d 1, 2 (1st Cir. 2001). The Court need not impose the same sentence though it is free to do so. Id.

days of the entry of judgment on September 22, 2006. See Fed. R. App. Pro. 4(b)(4)(affording 30 additional days in excess of the 10 day notice period where defendant shows excusable neglect or good cause).

**VI. CONCLUSION**

The government respectfully suggests that the Court resentence the defendant in order to allow him an opportunity to file a direct appeal.

Respectfully submitted,

UNITED STATES OF AMERICA

ROBERT CLARK CORRENTE
United States Attorney

______________________________

RICHARD W. ROSE
Assistant U.S. Attorney
United States Attorneys Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5001 (fax)
E-mail: richard.rose@usdoj.gov

**CERTIFICATE OF SERVICE**

I the undersigned on this 1stday of February, 2007 caused the within Government's Memorandum of Law in Support of Government's Response to Petitioner's Motion to Vacate, Set Aside And/or Correct Sentence Pursuant to 28 U.S.C. § 2255 to be electronically filed with the United States District Court for the District of Rhode Island, using the CM/ECF system, and to:

Robert E. Craven, Esq.
50 Park Row West
Suite 100
Providence, RI 02903

The following participant has received notice via U.S. Mail:

Bobby Soundara
Wyatt Detention Center
950 High Street
Central Falls, RI 02863

RICHARD W. ROSE
Assistant U.S. Attorney
United States Attorneys Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5001 (fax)
E-mail: richard.rose@usdoj.gov