UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BOBBY SOUNDARA | : | |
| | : | |
| vs. | : | C.A. No. 06-466-S |
| | : | |
| UNITED STATES | : | |

MEMORANDUM AND ORDER

Petitioner Bobby Soundara has filed a motion pursuant to 28 U.S.C. § 2255 to vacate, modify or set aside his sentence. For the reasons set forth below, the motion is granted.

BACKGROUND

Soundara pled guilty to two-count indictment charging him and a co-defendant with (1) possession of an unregistered pipe bomb, in violation of 26 U.S.C. §§ 5841, 5861(d) and 5871 and (2) maliciously destroying a building by fire and explosives that resulted in personal injury, in violation of 18 U.S.C. § 844(i) and § 2. Under the plea agreement accompanying his plea, Soundara waived any appeal so long as "the sentence imposed by the court is within the guideline range determined by the court or lower." Plea Agreement ¶ 12.

Based on a combined offense level of 23 and a criminal history of Level III, the initial Guideline sentencing range for Soundara's offenses was 57-71 months. However, the malicious destruction offense carried a mandatory statutory minimum sentence of 84 months. See 18 U.S.C. § 844(i). Moreover, the Court determined that an upward departure was appropriate, in view of the serious physical injuries suffered by the victim as a result of the pipe

bomb blast. Pursuant to USSG § 5K2.2, the Court departed upward by six levels, with a resulting sentencing range of 108-135 months, and sentenced Soundara to 120 months imprisonment. The Court indicated at sentencing that it took no position as to "the possibility that the departure was not contemplated by [the plea] agreement." See Transcript of Sentencing Hearing conducted on September 1, 2006 ("Sent Tr.") at 10-11.

Soundara did not appeal but subsequently filed the instant motion to vacate in this Court.

DISCUSSION

In his motion to vacate Soundara claims that his counsel was ineffective in erroneously advising him that he had no right to take an appeal and that he failed to take an appeal as a result. Soundara seeks to have his sentence vacated so that he may be resentenced, thereby permitting him an opportunity to take a direct appeal. See Bonneau v. United States, 961 F.2d 17, 23 (1st Cir. 1992).

The issue raised is whether counsel properly advised Soundara as to his appeal rights after sentencing, which itself turns on whether Soundara remained bound by the waiver-of-appeal provision of his plea agreement notwithstanding the Court's upward departure in sentencing him.

Although the Government asserted at sentencing that Soundara had waived his right to appeal (see Sent. Tr. at 10), it now believes "that Soundara would have had a right to appeal given the

language of the waiver" and concurs with Soundara's request for re-sentencing, if only to avoid a protracted hearing on whether counsel adequately consulted with Soundara. See Memorandum of Law in Support of Government's Response to Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 ["Gov't Mem."] at 4, 12. This Court notes that counsel's statement concerning his consultations with Soundara regarding appeal does not expressly indicate the extent to which counsel discussed Soundara's appeal rights after sentencing. (See Letter dated January 22, 2007 to Richard Rose from Robert E. Craven, attached to Gov't. Mem.)

In view of the foregoing considerations and to obviate the need for an evidentiary hearing on the issues, this Court will grant the relief requested and vacate Soundara's sentence.

CONCLUSION

Soundara's motion to vacate is hereby GRANTED and his sentence is VACATED. This matter is continued for re-sentencing to be scheduled by separate notice from the Court.[1]

SO ORDERED:

[signature]
District Judge
Date: 2/16/07

ENTER:

Doreen P Baldinelli
Clerk

[1] The Court takes no position as to whether Soundara has any grounds to appeal his conviction or sentence, and the merits thereof.